UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br> Plaintiff, <br> v. <br> PULL & BEAR ESPANA SA, et al., <br> Defendants. | Case No. 19-cv-07641-SI <br><br> **FINAL PRETRIAL ORDER** |

On July 27, 2021, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning August 2, 2021. All parties were represented by counsel. The following matters were resolved:

**1.    Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges. Jurors shall wear masks during the proceedings.

**2.    Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; **this statement shall be provided to the Court no later than Friday, July 30, 2021 at 3:00 p.m.**

**3.     Jury instructions:**  The Court received proposed jury instructions from the parties, which included no agreed-upon substantive instructions.  The parties are directed to meet and confer to resolve as many disputes as possible.  **The parties are further directed to provide to the Court no later than Monday, August 2, 2021 at 3 p.m.** one complete set of instructions, including the agreed-upon instructions (so noted) and the contested instructions, all in the order in which they should be read to the jury.  As to contested instructions, they should be included back to back, plaintiff's and then defendant's, with each party's objection to the other's version included at the end of each instruction.  Lead trial counsel for each side shall review and approve the final set to be provided to the Court.  The Court will review same and inform counsel prior to closing argument which substantive instructions will be given.

**4.     Trial exhibits:**  No later than Friday, July 30, 2021, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**5.     Timing of trial:**  The trial is estimated to take five days.  Based on this estimate, and a review of the other materials in the Joint Pretrial Conference Statement, the Court will set the matter for a 5 day trial, as follows:  each side shall have up to 30 minutes to present opening statements; each side shall have 7 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

**6.     Trial schedule:**  Jury selection will begin on August 2, 2021, at 8:30 a.m.  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at

2

noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

**7.     Motions in limine:** The parties filed approximately 9 motions in limine. Docket Nos. 115-123. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiff's motion #1** to exclude evidence or argument regarding settlement negotiations is **GRANTED**. *See Rhoades v. Avon Products, Inc*., 504 F.3d 1151, 1161-62 (9th Cir. 2007) ("Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail. When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured").

**Plaintiff's motion #2** to exclude evidence or argument regarding sale of third-party shoes on third-party websites is **DENIED,** provided that the evidence is not used for the truth of the matter asserted. *See Tanis v. Sw. Airlines, Co.,* No. 18-CV-2333-BAS-BGS, 2019 WL 1111240, at *4 (S.D. Cal. Mar. 11, 2019) ("The exhibit is not hearsay because it is not being offered for the truth of any statement therein, but instead offered to show what any person loading that page at that point in time would have seen."); *Abu-Lughod v. Calis*, No. CV 13-2792 DMG (RZX), 2015 WL 12746198, at *3 (C.D. Cal. May 20, 2015) ("Further, 'to the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all—and thus fall outside of the ambit of the hearsay rule.' "). Such evidence is relevant to strength of plaintiff's alleged trade dress. *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc*., 638 F.3d 1137, 1149 (9th Cir. 2011) ("Evidence of substantial advertising expenditures can transform a suggestive mark into a strong mark.")

**Plaintiff's motion #3** to exclude certain evidence or argument regarding trademark

prosecution history of plaintiff Airwair Registrations and/or applications is **GRANTED** in part and **DENIED** in part. The Court **GRANTS** plaintiff's motion to exclude prosecution history relating to plaintiff's unasserted trade dress registrations and **DENIES** plaintiff's motion to exclude prosecution history relating plaintiff's asserted trade dress registrations. *Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th Cir. 1990) ("Evidence of other unrelated potential infringers is irrelevant to claims of trademark infringement and unfair competition under federal law.")

**Defendant's motion #1** to exclude plaintiff Airwair from relying on Klein Survey to prove likelihood of confusion with regard to three non-tested ITX products is **DENIED**. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806 (9th Cir. 1997) ("In trademark cases, surveys are to be admitted as long as they are conducted according to accepted principles and are relevant."); Dkt. No. 114, Order RE Motions to Exclude and Cross-Motions for Summary Judgment, at 12 ("The Court concludes the survey conducted by Mr. Klein conforms to accepted principles and is relevant.")

**Defendant's motion #2** to preclude Bertrand Guillaume from testifying on topics other than functionality and Klein from matters exclusively in his rebuttal report is **DENIED**. The Court has already denied defendant's motion to exclude Bertrand's testimony regarding functionality and secondary meaning. Dkt. No. 114 at 10-11. As to Klein, witnesses may testify to matters in their rebuttal reports to the extent the testimony does not advance new argument or evidence. *See Matthew Enter., Inc. v. Chrysler Grp. LLC,* No. 13-CV-04236-BLF, 2016 WL 4272430, at *1 (N.D. Cal. Aug. 15, 2016) ("Rebuttal cannot be used to advance new arguments or new evidence.") (internal citation and quotation omitted). The witnesses may address evidence already presented by defendant. *See Matthew Enter., Inc. v. Chrysler Grp. LLC,* No. 13-CV-04236-BLF, 2016 WL 4272430, at *1 (N.D. Cal. Aug. 15, 2016) ("The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.").

**Defendant's motion #3** to exclude Airwair's illegible evidence is **DENIED**. Rule 26(e) (1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial

4

disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests "in a timely manner *if the party learns* that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A) (emphasis added). Defendant did not notify plaintiff of the alleged deficiencies until a day before defendant filed its motion in limine to exclude illegible evidence. Plaintiff represented that plaintiff provided defendant with legible evidence after being notified of deficiencies.

**Defendant's motion #4** to exclude plaintiff from relying on Klein Survey to prove secondary meaning is **DENIED**. Robert Klein may not testify beyond the scope his report, but counsel may argue Klein's survey is evidence of secondary meaning. *See Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999). ("[s]econdary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use ...; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant."); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1015 (9th Cir. 1985) ("Secondary meaning can be established by evidence of likelihood of confusion.")

**Defendant's motion #5** to exclude Guillaume from testifying about plaintiff's advertising and sales is **DENIED.** *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1036 (9th Cir. 2010) ("we have made clear that "technical inadequacies in a survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility.") (internal citations and quotations omitted).

**Defendant's motion #6** to exclude complaints, cease and desist letters, and consent decrees from other cases is **GRANTED** as unduly prejudicial, confusing and time consuming. Plaintiff's complaints, cease and desist letters, and consent decrees against non-party manufacturers and distributors have limited probative to the strength of plaintiff's mark and secondary meaning. *See*

5

*Brookfield Comm., Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1058 (9th Cir. 1999) ("stronger a mark—meaning the more likely it is to be remembered and associated in the public mind with the mark's owner"); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 843 (9th Cir. 1987) ("The trade dress of a product or service attains secondary meaning when the purchasing public associates the dress with a particular source"); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1016 (9th Cir. 1985) (finding evidence of sales, promotional efforts, and duration of exclusive use indicative of secondary meaning). In comparison, the likelihood of confusing the jury with unrelated trade dress allegations and facts from separate cases is high. *See M2 Software, Inc., a Delaware Corp. v. Madacy Entm't, a Corp.*, 421 F.3d 1073, 1087 (9th Cir. 2015) ("district court excluded evidence of M2 Software's legal fees in defending its mark against other alleged infringers . . . district court did not abuse its discretion in excluding this evidence, and error, if any, was harmless."); *Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th Cir.1990) ("Evidence of other unrelated potential infringers is irrelevant to claims of trademark infringement and unfair competition under federal law.") Plaintiff's witnesses may testify generally concerning its sales and marketing efforts, as well as its efforts to enforce and protect its marks.

**8.     Other Matters:**  (1)  Plaintiff seeks reconsideration of this Court's denial of its motion to allow its witnesses to appear remotely. The Court has reconsidered, in light of announcements made recently by officials in Washington that the travel bans from overseas travel due to the pandemic will remain in effect for the present. Either side may present witnesses remotely. (2) Plaintiff objects to defendant's references to cancellation by restriction. The parties shall file briefs of no more than ten pages **by 3:00 pm on Thursday, July 29, 2021**, concerning whether restriction is appropriately an issue in this case, and if so, what issues related to restriction will be submitted to the jury. (3) All jurors and counsel must wear masks. Witnesses on the witness

stand may take off their masks, and counsel questioning the witness may do so also. All efforts should be made to social distance.

**IT IS SO ORDERED**.

Dated: July 28, 2021

_____
SUSAN ILLSTON
United States District Judge