UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> ITX USA LLC, <br><br> Defendant. | Case No. 19-cv-07641-SI <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR FINDING OF EXCEPTIONAL CASE AND ATTORNEYS' FEES** <br><br> Re: Dkt. No. 212 |

On December 2, 2021, plaintiff Airwair International LTD. ("Airwair") filed the instant motion to have the case deemed exceptional and be awarded attorneys' fees. Dkt. No. 212. ITX vehemently opposed, Dkt. No. 217, and Airwair vehemently replied. Dkt. No. 219.[1] Finding this matter appropriate for resolution without oral argument, the Court hereby VACATES the January 21, 2022 hearing pursuant to Local Rule 7-1(b).

Airwair describes the instant action as a "simple and straightforward trade dress infringement case" during which ITX "chose to needlessly multiply Airwair's work" and "engaged in significant misconduct." Dkt. No. 212 at 6. Airwair contends that ITX failed to diligently engage in good faith settlement negotiations, failed to dismiss affirmative defenses, and invoked underhanded tactics at trial. *Id.*

ITX counters, arguing Airwair is simply seeking to pay its bills when the jury awarded $0 in damages. Dkt. No. 217 at 6. ITX goes on to list various affronts allegedly committed by Airwair,

---

[1] The vehemence of the parties' briefing is neither helpful nor becoming. This Court participated in all pretrial and ultimately trial proceedings, and counsels' various characterizations of events the Court lived through with them were unnecessary and perhaps misleading. That the briefing on fees was "exceptional" in this way does not alter prior history, which was unexceptional.

1    including: (1) initially naming an entity this Court clearly did not have jurisdiction over requiring
2    lengthy briefing of a (successful) motion to dismiss, (2) refusing to settle a case where only 47 sales
3    of shoes were at issue, and (3) it was Airwair who engaged in unsavory behavior at trial. *Id*. at 6-7.
4        District courts must analyze the "totality of circumstances" when reviewing requests for fees
5    in "exceptional" cases. *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 134 S. Ct. 1749, 1756
6    (2014); *Sunearth, Inc. v. Sun Earth Solar Power Co*., 839 F.3d 1179, 1181 (9th Cir. 2016) (holding
7    the *Octane Fitness* decision altered the analysis of fee applications under the Lanham Act and,
8    therefore, district courts must look to the "totality of the circumstances" when evaluating a fee
9    motion.). The Supreme Court has explained "an 'exceptional' case is simply one that stands out
10   from others with respect to the substantive strength of a party's litigating position (considering both
11   the governing law and the facts of the case) or the unreasonable manner in which the case was
12   litigated." *Id*. Eschewing a "precise rule or formula for making these determinations" the Supreme
13   Court instructed district courts to exercise "equitable discretion." *Id*. (*quoting Fogerty v. Fantasy,
14   Inc*., 510 U.S. 517 (1994)). District courts may look to a "'nonexclusive' list of 'factors,' including
15   'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of
16   the case) and the need in particular circumstances to advance considerations of compensation and
17   deterrence.'" *Id*. at 1756 n.6 (*quoting Fogerty*, 510 U.S. at 534 n.19).
18       While the Court agrees with plaintiff that this matter "drain[ed judicial] time and resources,"
19   (Dkt. No. 212 at 8 (Motion for Fees)), the "blame" for doing so cannot be laid solely at ITX's feet
20   nor does the case strike the Court as exceptional. Both sides advocated vigorously for their clients
21   in highly nuanced and legally technical areas of law. While the issue of copying boot styles may
22   not, in itself, be conceptually difficult, the issues surrounding the validity of plaintiff's trademarks,
23   expert testimony, and presenting evidence at trial were far from rudimentary. Further complicating
24   matters – from summary judgment to jury instructions to evidentiary rulings at trial – is that few of
25   these cases ever go to trial. While that fact makes this case unusual, it does not make it exceptional
26   in the way the Supreme Court has described it. Mere failure to settle cannot be enough to catapult
27   an action into exceptional territory.
28       Decidedly non-frivolous issues were presented during summary judgment. While plaintiff

ultimately prevailed at trial, the conclusion was not foreordained.[2]

The Court does not find that this case is exceptional such as to warrant the award of fees to plaintiff.

**IT IS SO ORDERED**.

Dated: January 18, 2022

SUSAN ILLSTON
United States District Judge

---

[2] Issues surrounding the validity of the trade dress marks asserted by plaintiff were explored in this case and continue to be explored in others. This does not amount to an exceptional litigation strategy.